IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| CONNIE LIGHT, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, | * | No. 2:18cv00058-JJV |
| Acting Commissioner of the | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Ms. Light has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The Administrative Law Judge ("ALJ") concluded she had not been under a disability within the meaning of the Social Security Act, because Plaintiff was capable of performing her past work as a teacher aide. (Tr. 15-23.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff will celebrate her fifty-sixth birthday later this month. (Tr. 44.) She went to the eleventh grade in school and earned her GED and attended some college thereafter. (Tr. 45.) Plaintiff has past relevant work as a teacher aide and certified nursing assistant. (Tr. 22.)

The ALJ[1] found Ms. Light had not engaged in substantial gainful activity since February 2, 2016, the alleged onset date. (Tr. 17.) She has "severe" impairments in the form of osteoarthritis, lumbar degenerative disc disease, obstructive sleep apnea, fibromyalgia syndrome, and obesity. (*Id*.) The ALJ further found Ms. Light did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 17-19.)

The ALJ determined Ms. Light had the residual functional capacity to perform a reduced range of light work given her physical impairments. (Tr. 19.) The ALJ utilized the services of a vocational expert to determine, *inter alia*, whether Plaintiff could perform her past work despite her impairments. (Tr. 59-62.) Based on the expert's testimony, the ALJ concluded Ms. Light

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

could perform her past work of teacher aide. (Tr. 22.) Accordingly, the ALJ determined Ms. Light was not disabled. (Tr. 26.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Ms. Light argues that the ALJ's residual functional capacity assessment was flawed. (Doc. No. 13 at 12-17.) Ms. Light raises several points in advancing her argument. One of the more concerning points Plaintiff raises is regarding her "*severe* bilateral facet arthropathy at L5-S1." (*Id.* at 13.) (emphasis in original.) A November 2016 MRI revealed "Severe bilateral facet arthropathy." (Tr. 469, 485.) In reviewing this evidence, the ALJ stated, "The record shows that the claimant has complained of lower back pain, however, diagnostic testing of the lumbar spine in November 2016 demonstrated only some degenerative changes, and no significant areas of central canal for [*sic*] foraminal narrowing." (Tr. 21.) Plaintiff says, "Facet arthropathy is an arthritis-like condition of the spine that can be a significant source of back and neck pain. It is caused by degenerative changes to the joints between the spine bones." (Doc. No. 13 at 13.)

"Severe" findings on any diagnostic test are cause for concern. I do not take lightly Plaintiff's point. But the radiologist's overall impression was, "Degenerative changes as above with no radiographically significant areas of central canal or foraminal narrowing." (Tr. 485.) And my careful review of Ms. Light's MRI report leads me to conclude the ALJ committed no error here.

The Commissioner correctly points out that the ALJ relied heavily on the findings of Sudhir Kumar, M.D. (Doc. No. 15 at 4-5.) The ALJ said, "The assessment by consultative examiner

Sudhir Kumar, M.D., that the claimant's physical abilities are mildly limited is assigned great weight because it is consistent with the physical examination findings during the consultation and the evidence of record as a whole." (Tr. 22.) Given the "substantial evidence test" before me, I find no basis to reverse the decision of the ALJ. While Plaintiff has exhibited some pain and limitation upon examination by her doctors, the overall evidence indeed supports Dr. Kumar's findings. (Tr. 329, 376, 451-452, 491-492.)

Ms. Light has several impairments and I am sympathetic to her claims. But to find her disabled would require heavy reliance on her subjective complaints. Although Plaintiff disagrees, the ALJ properly discounted those complaints. (Tr. 19-22.) The ALJ's assessment was sound given the lack of medical evidence in support of Plaintiff's allegations and Plaintiff's functional capabilities. See *Thomas v. Sullivan*, 928 F.2d 255, 259-60 ( 8th Cir. 1991); *Cabrnoch v. Bowen*, 881 F.2d 561, 564 (8th Cir. 1989). The inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. *Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989).

I also recognize Plaintiff's arguments regarding her fibromyalgia. I take seriously her contention that there is often a "misunderstanding of the nature of fibromyalgia." (Doc. No. 13 at 14.) I am always greatly concerned about assessing the subjective allegations of a person suffering from this crippling illness that remains so difficult to diagnose. Yet, I am simply unable to find support in the record to merit reversal of the ALJ's decision in this case. Said another way, Plaintiff has simply not met her burden of proving she is completely disabled.

Plaintiff has advanced other arguments which I find are without merit. Ms. Light's counsel - as usual - has done an excellent job of advocating for her client in this matter. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to

reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 17th day of October, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE